IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward C. Sierra,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　　Respondents. | No. CV 06-350-PHX-ROS<br><br>**ORDER** |

　　　　Pending before the Court is the Report and Recommendation ("R & R") of Magistrate Judge Michelle Burns, (Doc. 39), which recommends denial of the Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, (Doc. 7). Petitioner timely filed objections. (Doc. 40). For the reasons stated herein, the R&R will be adopted.

**BACKGROUND**

　　　　Petitioner was convicted of promoting prison contraband, and was sentenced to mitigated terms of 14 years' imprisonment on both counts, to be served concurrently. The R&R sets forth the background of this case and neither party objected to that background. Thus, the Court adopts the background as an accurate recital.

　　　　Petitioner asserts three grounds for habeas relief: (1) Petitioner's trial counsel provided ineffective assistance by failing to notify him of a scheduled competency hearing, and, without consulting him, waiving his presence; (2) his trial counsel provided ineffective assistance by failing to request the appointment of a guardian *ad litem*; and (3) the trial

1 court's failure to *sua sponte* appoint a guardian *at litem*. (Doc. 7). Petitioner filed objections
2 regarding the first two grounds, but not the third.

## STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because objections were filed, the Court reviews the Magistrate Judge's findings and recommendations *de novo*. 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

## ANALYSIS

### I.    Procedural Default

The Court agrees with the Magistrate Judge's recommendation that Petitioner did not need to seek review in the Arizona Supreme Court in order to exhaust his claims.

A prisoner must exhaust his state-court remedies before the Court can consider his petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1)(A) and (c). In Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999), the Ninth Circuit held that, except in death or life-imprisonment cases, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." Id. at 1010.

Respondents assert that Baldwin v. Reese, 541 U.S. 27 (2004), overruled Swoopes. In Baldwin, the Supreme Court considered what constituted notice of the federal nature of a claim sufficient to satisfy the fair-presentment requirement for habeas petitions. Id. at 29. In laying out the groundwork for its decision, the Court stated that "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." Id. Seizing upon this general statement of the law, Respondents argue that Baldwin requires an Arizona state prisoner to seek review in the Arizona Supreme Court in order for his claim to be procedurally exhausted.

Respondents' argument is unavailing. In O'Sullivan v. Boerckel, 526 U.S. 838 (1999)—one of the two cases cited in Baldwin as support for the statement of law upon which Respondents rely—the Supreme Court considered "whether a prisoner must seek

1 review in a state court of last resort when that court has discretionary control over its docket." Id. at 843. The Court held that prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. Applying this holding to the case before it, the Court concluded that, under Illinois law, a prisoner must seek review in the Illinois Supreme Court. Id. at 848. In reaching this conclusion, though, the Court expressly noted that "nothing in our decision today requires the exhaustion of any specific state remedy when a State has provided that that remedy is unavailable," and instructed lower courts to examine state law or rule to determine whether discretionary review by a state supreme court is unavailable. Id. at 847-48.

In Swoopes, the Ninth Circuit considered on remand whether, in light of O'Sullivan, an Arizona state prisoner is required to seek review with the Arizona Supreme Court in order to exhaust state remedies. 196 F.3d at 1009. The Ninth Circuit began, as the Supreme Court did in Baldwin, by reciting the general rule stated in O'Sullivan that "state prisoners must file for discretionary review in a state supreme court when that review is part of ordinary appellate review." Id. As instructed in O'Sullivan, the Ninth Circuit determined whether Arizona had provided that Arizona Supreme Court review was unavailable for exhaustion purposes. Id. The court found that, in State v. Shattuck, 684 P.2d 154 (Ariz. 1984), State v. Sandon, 777 P.2d 220 (Ariz.1989), and Moreno v. Gonzalez, 962 P.2d 205 (Ariz. 1998), Arizona had plainly stated that review in its supreme court need not be sought for the purpose of exhaustion. The Ninth Circuit, therefore, concluded that "post-conviction review before the Arizona Supreme Court is a remedy that is 'unavailable' within the meaning of O'Sullivan." Id. at 1010.

The excerpt of Baldwin recited by Respondents does not usurp this conclusion. The question before the Baldwin Court was how to properly present a federal claim to a state court, not to which state court to present it. The Supreme Court did not purport to be announcing a new rule of law regarding the latter, and cited O'Sullivan as one of its authorities. As the Supreme Court recognized in O'Sullivan, that "[t]he exhaustion doctrine

1  [in cases where a state supreme court has discretionary review] turns on an inquiry into what
2  procedures are 'available' under state law." 526 U.S. at 847.

3  Thus, the Court concludes that Baldwin did not overrule Swoopes, and that a
4  petitioner's claim is exhausted after appeal to the Arizona Court of Appeals.[1]  This
5  conclusion is bolstered by the fact that, after Baldwin, the Ninth Circuit quoted Swoopes for
6  the very proposition that Respondents assert Baldwin overruled.  See Castillo v. McFadden,
7  399 F.3d 993, 998 n.3 (9th Cir. 2005) ("In cases not carrying a life sentence or the death
8  penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once
9  the Arizona Court of Appeals has ruled on them.' (quoting Swoopes, 196 F.3d at 1010)).
10 And, the Castillo decision repeatedly cited to Baldwin.  See 399 F.3d at 999, 1000, 1001,
11 1002 n.4, 1003.

12 Because Petitioner presented his claims to the Arizona Court of Appeals, the Court
13 agrees with the Magistrate Judge that they are procedurally exhausted.

14 **II.    Merits**

15 The Court also agrees with the Magistrate Judge's merits analysis.  To succeed on an
16 ineffective-assistance claim, Petitioner must demonstrate: (1) his counsel's performance fell
17 below an objective standard of reasonableness; and (2) he was prejudiced by his counsel's
18 deficient representation.  Strickland v. Washington, 466 U.S. 668, 687-89 (1984); Gonzales
19 v. Knowles, 515 F.3d 1006, 1014 (9th Cir. 2008).  "If it is easier to dispose of an
20 ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will
21 often be so, that course should be followed."  Strickland, 466 U.S. at 697.

---

[1] The Court also notes that several other Judges in the District of Arizona have so concluded.  See Ferguson v. Fizer, No. CV 05-1295, 2008 WL 725014, at *5 (D. Ariz. Mar. 17, 2008) (Martone, J.); Bey-Johnson v. Ariz. Atty. Gen., No. CV 04-2816, 2007 WL 2527371, at *6 (D. Ariz. Aug. 30, 2007) (Campbell, J.); Mondragon v. Glanagan, No. CV 04-2758, 2007 WL 1526429, at *7 (D. Ariz. May 23, 2007) (Murguia, J.); Sanchez v. Bartos, No. CV 04-2889, 2007 WL 809988, at *8 (D. Ariz. Mar. 15, 2007) (Bolton, J.); Smith v. Schriro, No. CV 99-168, 2007 WL 779695, at *30 (D. Ariz. Mar. 13, 2007) (Wake, J.).

- 4 -

Petitioner asserts that his trial counsel provided ineffective assistance under the Sixth Amendment by failing to notify him of his competency hearing, and, without consulting him, waiving his presence, and by failing to request appointment of a guardian *at litem*.

The Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate prejudice from counsel's purportedly deficient performance. Regarding the first ground for ineffective assistance, as the Magistrate Judge correctly pointed out, the hearing was non-evidentiary, and Petitioner had notice of its character and the opportunity to object. And regarding the second, Petitioner's alleged need for a guardian *ad litem* was to explain the plea agreement, which the trial court thoroughly explained to Petitioner.

Accordingly,

**IT IS ORDERED** that the R&R (Doc. 39) is **ADOPTED IN PART** and **REJECTED IN PART.**

**IT IS FURTHER ORDERED** that the Amended Petition (Doc. 7) is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that this case shall be terminated.

DATED this 12th day of May, 2008.

_____
Roslyn O. Silver
United States District Judge